Sarkar v. Garland

BIA
A073 534 922

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of October, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

**RAJA SARKAR,**
> *Petitioner,*

> v.                                                    20-1197
>                                                        NAC

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:** Dustin P. Smith, James Henseler, Hughes Hubbard & Reed LLP, New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Raja Sarkar, a native and citizen of Bangladesh, seeks review of a March 13, 2020 decision of the BIA denying his 2019 motion to reopen. *In re Raja Sarkar, No. A073 534 922 (B.I.A. Mar. 13, 2020).* We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Sarkar's 2019 motion to reopen was untimely and number barred because it was his sixth motion to reopen filed more than 16 years after removal order became final in 1997. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (providing that one motion to reopen may be filed within 90 days of a final order); 8 C.F.R. § 1003.2(c)(2) (same).

The BIA did not err in declining to excuse the time or number limits based on Sarkar's claim that his former attorney rendered ineffective assistance by failing to petition for review of the agency's underlying decision, which denied asylum and related relief on credibility grounds because Sarkar failed to show prejudice. *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994). "To demonstrate prejudice, [a petitioner] ha[s] to make a *prima facie* showing that, but for counsel's ineffectiveness, 'he would have been eligible for [asylum] relief,' and 'could have made a strong showing in support of his application.'" *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (quoting *Rabiu*, 41 F.3d at 882).

In pre-REAL ID Act cases, such as this one, *see* REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005); *In re S-B-*, 24 I. & N. Dec. 42, 43, 45 (B.I.A. 2006), an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to an applicant's claim, and any discrepancy must be "substantial" when measured against the record as a whole, *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003) (quotation marks omitted); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008)

3

(recognizing that "[t]he REAL ID Act freed an IJ from the nexus and materiality requirements" for inconsistencies).

The agency's underlying adverse credibility determination was supported by the record. The agency reasonably found Sarkar's demeanor evasive and his testimony nonresponsive: he repeatedly avoided answering questions regarding who reported the abuse he and his family suffered to police, when certain incidents occurred, and the type of injuries he and his family members sustained. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (giving "particular deference" to the trier of fact's assessment of demeanor). The agency also reasonably relied on Sarkar's inconsistent statements regarding why his family was first attacked in 1990, whether he was beaten in 1990, what abuse he suffered during specific arrests, and who attempted to attack him in 1994.[1] *See Tu Lin v. Gonzales*,

---

[1] Contrary to Sarkar's arguments, the BIA was permitted to rely on inconsistencies not cited by the IJ, *see Fen Yong Chen v BCIS*, 470 F.3d 509, 513-14 (2d Cir. 2006) (noting that the BIA was "permitted to engage in de novo review of an IJ's factual findings" in appeals filed before September 25, 2002), and we may consider inconsistency findings not explicitly discussed by the BIA, *see Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) ("Where, as here, the BIA

446 F.3d 395, 402-03 (2d Cir. 2006) (holding that agency may rely on "cumulative effect" of inconsistencies).

Accordingly, because the record supports the adverse credibility determination, the BIA did not err in finding that Sarkar failed to show that he was prejudiced by former counsel's failure to petition this Court for review of that decision. *See Scarlett*, 957 F.3d at 326; *Rabiu*, 41 F.3d at 882. The prejudice finding is dispositive of Sarkar's ineffective assistance of counsel claim, which was the sole basis for his argument that the time and number limitations on his motion to reopen should have been excused. *See Scarlett*, 957 F.3d at 326. Therefore, we do not reach the BIA's alternative finding that he failed to show deficient performance. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We otherwise lack jurisdiction

---

agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions-or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA.").

5

to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte despite the time and number limits. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court